BURR vs. BALDWIN, executrix, &c.

An averment
*of the value* of
goods in a plea
of *plene admin-
istravit præter,*
is not material
and traversa-
ble. A rejoin-
der averring
that the de-
fendant has as-
sets, but not
more than suf-
ficient to pay
and satisfy a
judgment of
upwards of
$1000, is not a

DEMURRER to pleadings. *Declaration* for work, labor, care, diligence and attendance as an attorney and solicitor. *Plea,* a judgment recovered by Mary Lagear against defendant as executrix, &c. for $1036,84, damages and costs, and *plene administravit,* except as to goods and chattels of small value, to wit, of the value of *one dollar,* which are all the goods remaining unadministered, and which are not sufficient to satisfy the judgment rendered in favor of Mary Lagear. *Replication, precludi non,* because the judgment set forth in the plea was suffered for a greater amount than was due to the

departure in pleading from a plea of *plene administravit præter,* averring the goods unadministered to be of the value of only $1.

plaintiff, by fraud and covin ; and that the defendant hath <span style="float:right">NEW-YORK,</span> sufficient assets to pay and satisfy the debt really due to Mary Lagear and the demand of the plaintiff. *Rejoinder* denies the fraud, and avers that the defendant hath not assets more than sufficient to satisfy the judgment in the plea mentioned. To this rejoinder the plaintiff *demurred.*

NEW-YORK,
May, 1829.

Burr
v.
Baldwin.

*A. Burr,* for plaintiff.  The rejoinder is a departure from the plea.  In the plea, the defendant says she has administered *all* the goods and chattels, except goods and chattels of the value of $1 ; in the rejoinder, she says she has not assets *more than sufficient* to satisfy a judgment of $1036.  A defendant cannot, in a subsequent pleading, abandon a ground of defence taken in a former pleading.  (*Co. Litt.* 304.  2 *Saund.* 84, *n.* 1.  2 *id.* 188.  1 *id.* 116.  *Dyer,* 253 *b.*)

*C. Bogart,* for defendant.  There is no departure.  The allegation in the plea as to the *value* of the goods remaining unadministered, is not material, and therefore not traversable ; it is mere form.  (2 *Chitty's Pl.* 454, *n. x.  id.* 622.) The plea and rejoinder are consistent.

*By the Court,* MARCY, J.  The position taken by the plaintiff to sustain the demurrer is, that the rejoinder is a departure from the plea.  What constitutes a departure in pleading, seems to be clearly defined in the books, although there have been cases presenting much difficulty in applying the rule to the facts set forth in the pleadings.  A departure takes place when a party quits the case or defence first made, and has recourse to another matter.  (1 *Chitty's Pl.* 556, 7.) Lord Coke says it is when the second plea contains matter not pursuant to the former, and which does not fortify it. (*Co. Litt.* 304 *a.*)

To determine whether there has been a departure in pleading in this case, it is necessary to consider, in the first place, the nature of the defence set up by the plea.  The substance of the plea is, that the defendant has not property that was the testator's, beyond what will satisfy the judgment recovered by Mary Lagear.  (1 *Saund.* 333, *note* 7.)  Though in

pleading in such a case as this, the executor must state some certain sum as the value of the goods, the amount thus stated is not a material and traversable averment ; for if a plaintiff should prove the value of the goods to be more than it is alleged to be, he would thereby gain nothing. To entitle him to recover, he must prove their value to be more than the sum the defendant can retain, to satisfy the judgment previously recovered against him. (1 *Chitty's Pl.* 333, *n.* 7. *Moon* v. *Andrews*, *Hob.* 133.) These authorities clearly shew, that the defence set up in the plea is, in substance, that the defendant has no more goods that were of her testator than will satisfy the judgment recovered against her by Mary Lagear.

It is next to be seen whether the rejoinder leaves this defence, and has recourse to another, or contains any matter not pursuant to, and which does not fortify it. It denies the allegation in the plaintiff's replication, that the defendant permitted, by fraud and covin, Mary Lagear to recover more than was due to her from the testator, to cover and protect the goods, &c. from the plaintiff's claim ; and in answer to that part of the replication which avers that she has goods, &c. sufficient to pay what is really due on Mary Lagear's judgment and the plaintiff's damages, she says she has not of these goods more than sufficient to satisfy this judgment. This is certainly not departing from the defence contained in the plea, but reiterating it. It is true, that she says in her plea, that these goods are of the value of one dollar, and not sufficient to pay the judgment of Mary Lagear for $1036,84, and in her rejoinder, that they were not more than sufficient to pay this judgment; but, as the averment of value is a mere matter of form and untraversable, and the plaintiff's right to recover does not depend upon it, this variance does not constitute a departure. (1 *Chitty's Pl.* 622.) The defence set up by the rejoinder is identical with that contained in the plea ; for, whether the defendant had not sufficient goods, &c. to pay the judgment, as alleged by the plea, or not more than sufficient to pay it, as stated in the rejoinder, the defence arising from either fact, if, indeed, there be any essential difference between these allegations, is of precisely the

same character. It resists the recovery of the plaintiff, on the ground that the defendant had not more goods, &c. than she had a right to retain, to satisfy the judgment recovered by Mary Lagear.

If the views here presented of the plea and rejoinder are correct, it follows, as a necessary consequence, that the exceptions to the rejoinder specified in the special demurrer are not well taken.

Judgment for the defendant.